UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR ESPINOZA-LOPEZ,<br><br>                     Petitioner,<br><br>v.<br><br>TODD BLANCHE, U.S. Attorney General; MARKWAYNE MULLIN, Secretary of DHS; TODD LYONS, Director of ICE; CHRISTOPHER LAROSE, Warden of Otay Mesa Detention Center,<br><br>                     Respondents. | Case No.: 26-cv-3158-JES-BJW<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; and**<br><br>**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT**<br><br>**[ECF Nos. 1, 3]** |

Before the Court is Petitioner Victor Espinoza-Lopez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), (ECF No. 1, ("Pet.")); and Motion for Temporary Restraining Order ("Motion"). ECF No. 3, ("Mot."). Pursuant to the Court's Order to Show Cause, Respondents (the "Government") filed the Response, which expressed its non-opposition to the Court ordering Petitioner's bond hearing, under 8 U.S.C. § 1226(a). ECF No. 6, ("Res."), at 2. The Court has taken the matter under submission and for the reasons set forth below, the Court **GRANTS** the Petition.

1

## I.   BACKGROUND

Petitioner, a 50-year-old native and citizen of Mexico, has resided and worked in California since 2012. Mot. at 2. He has one prior arrest from a 2015 altercation and successfully completed probation. *Id.* at 2-3. Since then, Petitioner has had no criminal incidents. *Id.* Over the last twelve years, Petitioner has developed community ties and has family here, a U.S. citizen niece. *Id.* at 3–4.

Respondents arrested Petitioner on or about March 12, 2026, and transferred him to Otay Mesa Detention Center, where he has remained in continuous custody. Pet. ¶¶ 1, 9. Despite Petitioner's full cooperation with removal efforts, Respondents have been unable to secure his removal to Mexico, due to the lack of diplomatic cooperation. *Id.* ¶¶ 2, 11. Petitioner has filed for asylum, the proceedings for which are still pending. *Id.* ¶ 8. On May 20, 2026, Petitioner filed the instant Petition and a Motion for Temporary Restraining Order seeking immediate release or a bond hearing. ECF Nos. 1, 3.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.   DISCUSSION

The Court finds that the Petition's issues—specifically, the Court's jurisdiction and which statute governs Petitioner's detention—are analogous to those raised in the Court's decision in *Martinez Lopez v. Noem, et al.*, No. 25-cv-2717-JES-AHG, 2025 WL 3030457, //

at *2–7 (S.D. Cal. Oct. 30, 2025). The Court, therefore, elects to follow the reasoning stated therein and incorporates it by reference. *Id*.

### A.    Jurisdiction

The Court finds that 8 U.S.C. § 1252's jurisdiction-stripping provisions do not bar it from considering this habeas petition. *Id*. Moreover, the prudential administrative exhaustion requirement for 28 U.S.C. § 2241 claims is excused. *Id*. Imposing that requirement would be futile given the BIA's precedential decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which held that noncitizens who entered without inspection are subject to mandatory detention under 8 U.S.C. § 1225(b) regardless of where or when they were apprehended. *See id*. at *4–5. Accordingly, the Court finds that it has jurisdiction to hear the Petition.

### B.    8 U.S.C. § 1226(a) Governs Petitioner's Detention

Although the Ninth Circuit stayed application of the *Maldonado Bautista* class certification to prospective members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with *Maldonado Bautista*'s holding that noncitizens in Petitioner's circumstances are governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b). *See, e.g.*, *Velazquez-Beltran v. Noem*, No. 3:26-CV-959-JES-MSB, 2026 WL 524056, at *2–3 (S.D. Cal. Feb. 25, 2026); *Murillo-Ortiz v. LaRose*, No. 3:26-CV-1469-JES-BJW, 2026 WL 800556, at *2 (S.D. Cal. Mar. 23, 2026); *Jasbir v. Warden, Imperial Reg'l Adult Det. Facility*, No. 26-CV-579-JES-BJW, 2026 WL 353354, at *2 (S.D. Cal. Feb. 9, 2026).

Petitioner was not apprehended at or near the border. Pet. ¶ 1. He has resided in the United States and has been in Respondents' custody since March 12, 2026, well after his entry. *Id*. ¶¶ 1, 9. These facts make clear that Petitioner "was not actively entering, attempting to enter or had recently entered, the country when apprehended." *Martinez Lopez*, 2025 WL 3030457, at *6. Accordingly, the Court finds that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), governs Petitioner's detention.

26-cv-3158-JES-BJW

### C.    Petitioner Is Entitled to a Bond Hearing

8 U.S.C. § 1226(a) provides that noncitizens arrested and detained pending a removal decision may apply for release on bond or conditional parole. 8 U.S.C. §§ 1226(a)(2)(A)–(B). If the Government denies that request, the noncitizen may seek a bond hearing before an Immigration Judge. *See* 8 C.F.R. § 236.1(d)(1); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). As the Court has found that 8 U.S.C. § 1226(a) applies to Petitioner's detention, and given the absence of any opposition from Respondents, Petitioner is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a). *See Aparicio Juan v. LaRose*, No. 3:26-cv-2099-JES-BJW (S.D. Cal. Apr. 15, 2026) (granting petition and ordering bond hearing under 8 U.S.C. § 1226(a) on materially identical facts).

### D.    Temporary Restraining Order

Having ruled on the Petition on the merits, the Court declines to apply the *Winter* factors to determine whether to issue a Temporary Restraining Order. Thus, the Court **DENIES AS MOOT** the Motion for Temporary Restraining Order.

### IV.    CONCLUSION

Accordingly, the Court **ORDERS** the following:

(1)    The Court **GRANTS** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241;

(2)    The Court **DENIES AS MOOT** Petitioner's Motion for Temporary Restraining Order;

(3)    The Court **ORDERS** the Government to provide Victor Espinoza-Lopez with an individualized bond hearing under 8 U.S.C. § 1226(a) within **ten (10) days** of this Order, unless Espinoza-Lopez requests a continuance;

(4)    Respondents are **ORDERED** to **FILE** a Notice of Compliance within **five (5) days** of providing Petitioner with a bond redetermination hearing, including apprising the Court of the results of the hearing; and

//

(5)    The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: June 1, 2026

Honorable James E. Simmons Jr.
United States District Judge

5

26-cv-3158-JES-BJW